IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00275-MR
[CRIMINAL CASE NO. 1:09-cr-00017-GCM-WCM-1]

| | |
|---|---|
| ALBERT C. BURGESS, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> FNU SPROUL, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [CV Doc. 1],[1] which the Court will construe as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

## I. PROCEDURAL HISTORY

On November 18, 2009, Petitioner Albert C. Burgess, Jr. ("Petitioner") was found guilty by a jury of one count of possession of materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B)

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:20-cv-00275-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:09-cr-00017-GCM-WCM-1.

(Count One) and one count of knowing receipt of child pornography by computer in violation of 18 U.S.C. §§ 2252(a)(2) (Count Two). [CR Doc. 87: Jury Verdict; see CR Doc. 185: Bill of Indictment]. Petitioner was sentenced to a term of imprisonment of 240 months on Count One and a term of imprisonment of 292 months on Count Two, to be served concurrently, for a total term of imprisonment of 292 months. [CR Doc. 185 at 2: Judgment]. Judgment was entered on Petitioner's conviction on August 27, 2010. [Id.]. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence but remanded for reconsideration of the restitution award. United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012).

On November 15, 2012, Petitioner filed a Motion to Vacate under § 2255. [Civil Case No., 1:12-cv-00375-GCM, Doc. 1]. This Court denied and dismissed that motion on the merits. [Id., Doc. 87]. Petitioner appealed and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Burgess, 604 Fed. App'x 268 (4th Cir. 2015).[2]

---

[2] Petitioner also filed a series of post-convictions petitions in this Court pursuant to 28 U.S.C. § 1651 in which Petitioner challenged the validity of his 2009 criminal judgment. See 1:16-cv-00410-GCM; 1:16-cv-00377-FDW; 1:15-cv-00179-FDW; 1:15-cv-00156-FDW; 1:15-cv-00135-FDW; 1:14-cv-00047-FDW; and 1:13-cv-00340-MR. In denying and dismissing these petitions, the Court explained that prisoners are precluded from proceeding under § 1651 when their claims are cognizable under § 2255. See id.

On June 6, 2018, Petitioner filed another motion to vacate under § 2255 in which he again attacked his conviction. [Civil Case No. 1:18-cv-00158-GCM, Doc. 1]. This Court denied this motion to vacate for lack of jurisdiction because Petitioner failed to obtain authorization from the Fourth Circuit before filing a second or successive petition. [Id., Doc. 2]. Petitioner appealed, but his appeal was dismissed for failure to prosecute. [Id., Docs. 6, 9-1].

On September 30, 2020, Petitioner filed the instant petition, which he purports to bring under 28 U.S.C. § 2241, but which is in substance another attack on his conviction and sentence under § 2255 and the Court will treat it as such. [See CV Doc. 1]. For relief, Petitioner asks the Court to "[h]old an evidentiary hearing and require the U.S. Attorney to produce ALL the evidence they have snuck into this case with out [*sic*] allowing the [Petitioner] or his counsel to know about." [Id. at 8]. He also asks that the Court "set aside the conviction for misconduct by the prosecutor and order a new trial." [Id.].

## II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine

whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. Petitioner's first motion challenging his conviction and sentence was adjudicated on the merits. [Civil Case No. 1:12-cv-375, Docs. 1, 87]. Petitioner has not sought and obtained certification from the Fourth Circuit Court of Appeals prior to filing this motion. As such, because this motion is,

4

Case 1:20-cv-00275-MR   Document 3   Filed 11/10/20   Page 4 of 6

in substance, one for relief under § 2255, this Court may not consider the merits of Petitioner's claim here.

## IV. CONCLUSION

The Court will deny Petitioner's motion to vacate under § 2255.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive

petition.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED**.

Signed: November 8, 2020

Martin Reidinger
Chief United States District Judge